IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and ARTHUR H. BUNTE, JR., as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>A.J. WALKER CONSTRUCTION COMPANY, a Delaware company,<br><br>*Defendant.* | Case No. 18-cv-5665<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT TO ENFORCE OR MODIFY ARBITRATION AWARD**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Arthur H. Bunte, Jr., a present trustee, for a cause of action against Defendant allege as follows:

**JURISDICTION AND VENUE**

1. This is an action to enforce or modify an arbitration award issued under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1401(b)(2).

2. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement and

because this action seeks to enforce or modify an arbitration award entered in an arbitration proceeding held in Chicago, Illinois.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Arthur H. Bunte, Jr., is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant A.J. Walker Construction Company ("AJ Walker") is a corporation organized under the laws of the State of Delaware.

## CLAIM FOR RELIEF

8. During all relevant times, AJ Walker was bound by collective bargaining agreements with a certain Teamsters local union, under which AJ Walker was required to contribute to the Pension Fund on behalf of certain of its employees.

9. The Pension Fund determined that on December 31, 2012, AJ Walker effected a "partial withdrawal" from the Pension Fund as defined in 29 U.S.C. § 1385(a)(1) (the "2012 Partial Withdrawal").

10. As a result of the 2012 Partial Withdrawal, the Pension Fund determined that AJ Walker incurred withdrawal liability to the Pension Fund in the amount of $770,723.07, as determined under 29 U.S.C. § 1381(b) (the "2012 Withdrawal Liability").

11. On or about May 21, 2014, AJ Walker received a Notice and Demand for payment of the 2012 Withdrawal Liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). The Notice and Demand notified AJ Walker that it was required to discharge the 2012 Withdrawal Liability in a lump sum payment of $770,723.07 or in monthly payments of $5,578.59, with the first installment payment due on or before June 1, 2014, and the final installment payment due on or before May 1, 2034.

12. AJ Walker has made payments towards the 2012 Withdrawal Liability since June 2014.

13. The MPPAA provides that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 of this title shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1).

14. On or about November 18, 2016, AJ Walker filed a demand for arbitration with the American Arbitration Association to contest the 2012 Withdrawal Liability. The arbitration was assigned to Arbitrator Mark DeBofsky and proceeded under the title *AJ Walker Construction Company and Central States, Southeast and Southwest Areas Pension Fund*, Case No. 01-16-0005-0650 (the "Arbitration").

15. On May 18, 2018, a hearing was held before Arbitrator DeBofsky.

16. On July 6, 2018, and August 3, 2018, the parties submitted post-hearing briefs and replies in the Arbitration.

17. The Arbitrator issued a final award and opinion dated August 10, 2018 (the "Final Award").

18. In his Final Award, the Arbitrator ruled in favor of the Pension Fund and against AJ Walker. Specifically, the Arbitrator: determined that AJ Walker effected a partial withdrawal from the Pension Fund in 2012; determined that AJ Walker did not qualify for the building and construction industry exemption as described in 29 U.S.C. § 1383(b)(1); upheld the Pension Fund's 2012 Withdrawal Liability assessment against AJ Walker; and ordered AJ Walker to pay the balance of the 2012 Withdrawal Liability in a lump sum or by continuation of the installment payments in accordance with the payment schedule set forth by the Pension Fund. A copy of the Arbitrator's Final Award is attached hereto as Exhibit A.

19. The MPPAA provides that "[u]pon completion of the arbitration proceedings in favor of one of the parties, any party thereto may bring an action . . . in an appropriate United States district court in accordance with section 1451 of this title to enforce, vacate, or modify the arbitrator's award." 29 U.S.C. § 1401(b)(2).

20. The Final Award should be enforced and/or modified as necessary. This Court should uphold the Arbitrator's determinations that AJ Walker effected a partial withdrawal in 2012 and uphold the Pension Fund's 2012 Withdrawal Liability assessment. Further, AJ Walker should be ordered to pay the 2012 Withdrawal Liability lump sum payment or accordance with the schedule set forth in the Notice and Demand.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant and on behalf of Plaintiffs:

    (i) enforcing and/or modifying the Final Award;

(ii) upholding the Arbitrator's determination that AJ Walker effected a partial withdrawal in 2012;

(iii) upholding the 2012 Withdrawal Liability assessment;

(iv) ordering Defendant to pay the balance of the 2012 Withdrawal Liability in a lump sum payment or in accordance with the payment schedule set forth by the Pension Fund in the Notice and Demand.

(b) Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Caitlin M. McNulty*
Caitlin M. McNulty, Esq.
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018
Telephone: (847) 939-2463
Email:cmcnulty@centralstates.org

August 20, 2018  ARDC No. 6317985